Bent v. Slade, 189 Ill. App. 105.

## E. M. Bent, Appellee, v. Samuel Slade, Appellant.

### Gen. No. 19,667.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. CHARLES
A. WILLIAMS, Judge, presiding. Heard in the Branch Appellate
Court at the October term, 1913. Reversed and remanded. Opinion
filed October 8, 1914.

### Statement of the Case.

Action brought in the Municipal Court by E. M.
Bent against Samuel Slade to recover a balance
claimed to be due on a contract for the construction of
a house for defendant. Plaintiff's statement of claim
began as follows:

"Plaintiff's claim is for the amount due upon a cer-
tain contract between the plaintiff and the defendant,
providing for the erection by the plaintiff of a certain
house for the defendant, said house being situated in
Highland Park, Lake County, Illinois."

The contract was then set out in full. This state-
ment also set forth the contract price, the payments
made thereon, the claim for extras; making a total of
$1,117.19, which plaintiff claims there was due him
from defendant. The statement of claim ended as fol-
lows:

"And the plaintiff further says that on the 18th day
of June, 1909, an account was had between the plain-
tiff and the defendant, and that it was agreed that
there was due to the plaintiff from the defendant the
sum of $831.50, which said amount defendant then and
there agreed to pay."

The affidavit of the plaintiff attached to the state-
ment of claim sets forth the amount as $933.09.

Defendant filed an affidavit of merits and set-off,
denying that there was any sum whatsoever due plain-
tiff, and stating that he had performed his part of the
contract, but that plaintiff had failed in his duty as
provided by the contract, in that he had constructed
the house negligently and in an improper, inefficient,

unsafe, unworkmanlike and insanitary manner, furnishing poor, low-grade, improper and second-class material, without regard to the plans and specifications, to the damage of the defendant of $2,957.68. Defendant also denied that he had struck an account with plaintiff on June 18, 1909, and had agreed that there was due. to plaintiff the sum of $831.50 or any sum whatsoever.

During the progress of the work some differences arose between plaintiff and defendant, and in April, 1909, an arbitration agreement was prepared between plaintiff, defendant and J. L. Silsbee, the architect, but was not signed at that time. This agreement, after setting forth the parties thereto, was as follows:

"Witnesseth: Whereas disputes and differences have arisen and are still subsisting or *that may arise prior to the completion, as evidenced by the house being occupied,* between the said parties relative to certain matters in connection with the said contract; written copies of which matters in controversy said parties to this agreement severally and mutually agree to submit on completion of work; now, therefore, it is hereby agreed that the said disputes and differences shall be referred and the same are hereby referred to the arbitration and determination of three arbitrators."

The agreement provided further for the appointment by each of the parties, of an arbitrator, and also for the production of papers, plans, etc., the right to examine the parties; and the closing paragraph was as follows:

"Parties hereto agree with each other that he will not bring or prosecute any action in court against the other or against the arbitrators concerning matters in difference or any one of them, except by award of the arbitrators."

This original agreement bore date of April 5, 1909, and provided "that the award of the arbitrators shall be made on the 15th of May," but this was stricken out and there was substituted therefor the 25th of June. The agreement was not signed, however, until the 5th day of June, 1909, and in the agreement that

was signed, the words "except by award of the arbitrators," were erased.

On the 18th of June the arbitrators made their award in writing; said award set forth that they had heard the testimony of the parties on the 17th day of June, and found a balance due from defendant to plaintiff of $831.50.

Upon the trial, after the original contract, plans and specifications had been introduced in evidence, plaintiff offered the arbitration agreement, dated June 5, 1909, in evidence. Objection was made to the introduction of this arbitration agreement on the ground that it was at variance with the plaintiff's statement of claim, that this suit was based upon the contract and not on the award; that there had been a previous suit instituted in the Municipal Court wherein plaintiff in his statement of claim based his right of action under the arbitration agreement; and in that case the plaintiff had taken a nonsuit. The objection was overruled. Counsel for defendant then asked for a continuance, on the ground of surprise; that the statement of claim indicated a reliance on the original contract; that he had prepared to defend against such a claim and to prove this claim of set-off previously filed; that he was not prepared to defend against a statement of claim that relied on the award under the arbitration agreement. This motion was overruled.

At the conclusion of plaintiff's case counsel filed a written motion for a continuance supported by an affidavit made by himself, wherein he set forth in detail the facts upon which he relied for a continuance and which had been urged at the time the motion was originally made, and the motion was overruled. Defendant then put in his evidence, as outlined in his affidavit of merits and claim of set-off, which included evidence of damages which the defendant had sustained by reason of defective construction and improper material used in the building of the house.

At the close of all the evidence plaintiff moved to strike out all the evidence offered by defendant with

reference to the damages sustained by reason of the failure on the part of the plaintiff to comply with the provisions of the building contract; which motion was granted. Plaintiff also moved for an instructed verdict upon the award under the arbitration agreement, which motion was also granted. Under the instructions of the court the jury returned a verdict for $985.50 in favor of the plaintiff. Upon this verdict judgment was entered by the court. From the judgment, defendant appeals.

ALDEN, LATHAM & YOUNG, for appellant.

MONTGOMERY, HART, SMITH & STEERE, for appellee.

MR. JUSTICE PAM delivered the opinion of the court.

### Abstract of the Decision.

1. BUILDING AND CONSTRUCTION CONTRACTS, § 73*—*when award of arbitration no bar to right of set-off for damages.* In an action to recover an amount claimed to be due under a building contract where plaintiff relied on an award of arbitration to establish the amount due, *held* that the defendant under his claim of set-off was entitled to show the damages suffered by him on account of plaintiff's failure to comply with the contract, where it was shown that such damages resulted from defects in the work and materials which did not come to his knowledge until after the time fixed for disputes to arise which were to be settled by the award under the arbitration agreement, and that the court erred in striking such evidence and directing a verdict for plaintiff.

2. MUNICIPAL COURT OF CHICAGO, § 13b*—*when defendant entitled to a continuance on ground of surprise.* Where plaintiff's statement of claim purported to be based on a written contract and alleged that there was an account stated between the parties on a certain date, and it was nowhere apparent in the statement of claim, that said account stated, referred to the award of arbitration, and defendant filed an affidavit of merits apparently on the theory that the suit was based on the contract and plaintiff upon the trial offered in evidence an award of arbitration which was admitted on the theory that defendant had agreed to abide thereby and that it constituted the account stated, *held* that defendant was entitled to a continuance on the ground that the statement of claim did not apprise him that plaintiff's claim was based on the award, and that it was error for the court to refuse defendant's motion for a continuance on that ground.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.